# Rapaport Law Firm

Marc A. Rapaport*
Tel (212) 382-1600
Fax (212) 382-0920
mrapaport@rapaportlaw.com

*Member NY & NJ Bars

October 7, 2015

**VIA ECF & HAND DELIVERY**

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Virginia Properties, LLC v. T-Mobile Northeast LLC
               13-CV-3493 (AKH)

Dear Judge Hellerstein:

       We represent defendant and third-party plaintiff T-Mobile Northeast, LLC ("T-Mobile") in the above-referenced matter. Pursuant to Section 2(E) of Your Honor's Individual Rules, this letter is respectfully submitted on behalf of all parties regarding discovery disputes. On September 4, 2015, counsel for plaintiff, Virginia Properties, LLC ("Plaintiff") and counsel for T-Mobile discussed discovery issues, including T-Mobile's request that Plaintiff withdraw its second FRCP 30(b)(6) deposition notice duces tecum that requests testimony and documents relating to T-Mobile's computer systems and document retention policies. Plaintiff and T-Mobile were unable to resolve their dispute regarding these issues. Since then, the parties have exchanged three drafts of this letter.

       **(a) T-Mobile's Objection to Plaintiff's Second 30(b)(6) Notice of Deposition.**

       *The Deposition Notice is Defective and Overbroad:*

       Plaintiff issued a second FRCP 30(b)(6) Notice of Deposition *Duces Tecum*, dated August 3, 2015, which demands that T-Mobile produce for testimony someone who is most familiar with 7 separate topic areas relating to T-Mobile's "document retention" policies and "computer network" since 2005. The Notice of Deposition is procedurally inappropriate because plaintiff is not permitted to issue successive FRCP 30(b)(6) depositions upon the same party without leave of court. In addition, there is no basis for a sweeping inquiry regarding T-Mobile's document retention policies and computer systems during the past decade.

1

# Rapaport
# Law Firm

The Deposition Notice's 7 areas of inquiry and 6 categories of documents are outrageously overbroad and inappropriate. T-Mobile's document retention policies and computer network are not at issue. Rather, the principal disputed factual issue is Plaintiff's contention that $692,012 that Plaintiff allegedly paid to its construction contractor (DNS Construction) was entirely attributable to damage allegedly caused by T-Mobile's rooftop cell site at 1371 Virginia Avenue, Bronx, NY (the "Building").

The Deposition Notice is Plaintiff's second 30(b)(6) notice to T-Mobile. Previously, over the course of two days, T-Mobile's Senior Development Manager was deposed by counsel for plaintiff and the third-party defendants. Nobody voiced dissatisfaction with T-Mobile's designee. In addition, plaintiff deposed James Gray (T-Mobile's Construction Manager) and Ralph Cirillo (a contractor for T-Mobile). Although neither of them was involved with the construction of this cell site, they were both subjected to ½ day depositions.

The Deposition Notice improperly calls for a sweeping inquiry regarding T-Mobile's document and computer policies that have no bearing on this case. It identifies the following topics:

(1) on behalf of T-Mobile's document retention policies since 2005;
(2) with respect to T-Mobile's efforts to [sic] the process of retaining, identifying and obtaining its electronically stored records related to its installation of the antenna and related equipment at Virginia Properties [sic] building at 1371 Virginia Avenue, Bronx NY 10462;
(3) with respect to the method by which James Gray's computer retained electronic records during his employment with T-Mobile from the years 2005 to 2015;
(4) with respect to the computer network and backup systems within T-Mobile during the time period of 2005 to 2015;
(5) [duplicates # 4]
(6) with respect to all record retention and record destruction policies at T-Mobile from the time period of 2005 to 2015;
(7) with respect to all record retention and record destruction practices at T-Mobile from the time period of 2005 to 2015.

These topics are irrelevant. T-Mobile diligently searched its records and produced emails and other documents from personnel who were involved in this cell site, including the records of Mr. Gray, whose name is mentioned in the Deposition Notice.

The Deposition Notice also includes an abusive schedule of 6 categories of documents to be produced. Plaintiff demands all of T-Mobile's "record retention policies" and "[a]ny and all documents specifically relating to the T-Mobile's computer network and backup/operating systems". Plaintiff's fishing expedition tries to inflict an enormous burden on T-Mobile for no legitimate purpose.

**Rapaport Law Firm**

In the event that the Court finds that discovery regarding electronic document retention is appropriate, T-Mobile requests that the Court issue an order: (a) narrowing the scope of the Subpoena; and (b) directing Plaintiff to produce for inspection its hard drives and permit access to its email accounts. Plaintiff, its contractor, and its engineer all claim to have suffered from computer malfunctions that prevent them from producing various electronic records. We also note that Plaintiff's principal, Robert Spring, claims that relevant records were on a laptop that he no longer possesses. Long-delayed nonparty discovery has revealed that in its document production, Plaintiff strategically excluded certain email communications and attachments to emails that discredit Plaintiff's damage claims. For example, Plaintiff attached to its complaint a purported "site inspection report by its engineer". 3 months ago, Plaintiff's engineer acknowledged in his deposition that the foregoing document had been purposely altered so as to eliminate references to what Plaintiff's principal, Robert Spring, has referred to as "work required that is not associated with the T mobile antenna situation." Plaintiff's engineer also provided emails which indicate that at Spring's direction, Plaintiff's engineer fabricated and backdated a purported "AIA contract" and "AIA invoices".

*Regarding Plaintiff's Counsel's Description of the July 10, 2015 Conference:*

Plaintiff's counsel avers (below) that at the conference held herein on July 10, 2015, Your Honor issued an Order granting Plaintiff's request for a further FRPC 30(b)(6) deposition of T-Mobile. We respectfully submit that Plaintiff made no such request, and no such order was issued by the Court. We note that in the joint letter, dated June 22, 2015 [Docket No. 93] that was submitted to the Court shortly before that Conference, Plaintiff offered 3 ½ pages in which it: (a) opposed the extension of fact discovery; and (b) stated that if the Court extended discovery, "Plaintiff seeks to complete two nonparty depositions (SDP and KMB) it previously subpoenaed". Other than these two nonparty depositions, Plaintiff's sole requests in that letter were for documents.

Counsel for the third-party defendant Innovative has confirmed to me that he has no recollection of any request by Plaintiff for a continuation of T-Mobile's 30(b)(6) deposition. Counsel for the third-party defendant Skyline specifically recalls that Plaintiff made no such request at the Conference.

**(b) T-Mobile's Request for a Court Order Directing Non-Parties to Comply with Subpoenas:**

Recently, T-Mobile served nonparty deposition notices upon:

(a) Joseph Septimus, the accountant who certified Plaintiff's administrative petitions with the HPD and DHCR, which include affidavits, contracts and other records that contradict Plaintiff's contention regarding the cost and scope of work at the Building; and

(b) U.S. Consulting Group, the subcontractor retained by DNS.

# Rapaport
# Law Firm

Mr. Shurin has agreed to appear for a deposition on October 15, 2015. However, neither Mr. Septimuis nor U.S. Consulting has cooperated. T-Mobile and the third-party defendants respectfully request that the Court order Mr. Septimus and U.S. Consulting to appear for depositions as follows:

| Deponent | Date | Location |
| --- | --- | --- |
| Joseph Septimus | November 5, 2015 | Rapaport Law Firm |
| U.S. Consulting | November 16, 2015 | Rapaport Law Firm |

Third-party defendants Innovative and Skyline join in T-Mobile's request that these depositions be ordered by the Court. Contrary to Plaintiff's contention, T-Mobile has only conducted 6 depositions herein. The reopening of Plaintiff's deposition was occasioned by Plaintiff's production of documents *after* its initial testimony, and was done with Court approval. In total, the amount of depositions per party has not approached the maximum permitted by the FRCP. From the inception of this case, we have experienced difficulties obtaining cooperation from nonparty witnesses who have ties to the Plaintiff.

Regarding the number of depositions, T-Mobile has only deposed 3 nonparties – Plaintiff's general contractor (DNS Construction); Plaintiff's engineer (Ted Yen); and Plaintiff's superintendent (Simeon Robinson). Discovery in this case has been exceedingly difficult, and names of witnesses have belatedly emerged as Plaintiff produces new discovery. Mr. Septimus' identity and role in certifying Plaintiff's construction records, and Mr. Shurin's identity in filing those same documents, were not revealed until the last 3 months.

Regarding Plaintiff's counsel's complaints concerning the scheduling of depositions, our firm has repeatedly voiced concerns that witnesses who are affiliated with Plaintiff have, by and large, refused to comply with subpoenas. Plaintiff's general contractor and engineer (with whom Plaintiff and its attorney are in regular communication) delayed more than a year before providing documents. Nonparty witness Joseph Septimus insisted that all communications regarding the scheduling of his deposition be directed to Plaintiff's counsel. Nonparty witness David Shurin wrote an email requesting that his deposition take place at Mr. Cibella's office. He initially described Mr. Cibella as his "lawyer", then retracted that characterization. Nonparty witness U.S. Consulting simply ignores requests to schedule its deposition.

**Plaintiff's Position**

This proceeding involves plaintiff's *breach of contract* claim against defendant T-Mobile concerning a cell site owned and operated by defendant T-Mobile, that was installed on plaintiff's property in 2005 pursuant to a lease entered into between plaintiff and defendant T-Mobile's predecessor, Omnipoint Communications, which caused damage, as discovered in 2012, to, *inter alia*, various parapet walls at plaintiff's building.

# Rapaport
# Law Firm

On September 4 and 8, 2015, in excess, cumulatively, of 1 hour, counsel for plaintiff and T-Mobile discussed the possibility of settlement, the multitude of depositions T-Mobile seeks herein, as well as T-Mobile's document production and testimony related to the FRCP 30(b)(6) deposition notice complained of above, to which Defendant has failed to comply with to date, and as to additional document production concerning James Gray and his prior testimony. Despite plaintiff's counsel's good-faith efforts to resolve these issues, no resolution was attained with respect to the below. Since that time, defendant T-Mobile has exchanged four (4) drafts of this letter. As such, plaintiff respectfully requests the following relief:

(1) That defendant T-Mobile be Ordered – *again* – to produce a witness as previously *Ordered* on July 10th and pursuant to the August 3rd Notice served herein;
(2) That Defendant T-Mobile be further Ordered to produce James Gray for a re-opened deposition as to the documents he has since located and subsequently produced herein from a "back up" drive he previously testified did not exist; and
(3) That the Court Order that non-party KMB Design Group ("KMB") appear for its non-party deposition previously noticed by plaintiff, to be held at plaintiff's counsel's office on October 28, 2015, and that KMB provide records responsive to the subpoena by October 21, 2015.

**(1) Plaintiff's FRCP 30(b)(6) Notice of Deposition, *Ordered* by this Court on July 10th**

As the Court should recall, at the July 10th Conference, the Court again extended the discovery deadline for the 3rd time pursuant to defendant's request from June 18, 2015 to November 25, 2015, and further Ordered, *inter alia*, that

(1) *plaintiff* provide the name and contact information for a helper that plaintiff's part-time building superintendent Simeon Robinson testified about at his deposition earlier in July, 2015, as having helped Mr. Robinson at times with respect to Mr. Robinson's work for plaintiff; and
(2) *defendant T-Mobile* produce witness(es) most knowledgeable to testify about the searches defendant conducted for documents herein and T-Mobile's document retention policies with respect thereto, as T-Mobile's employees' Robert Ciaglia and James Gray previously testified about documents that they had either reviewed, created, or would have reviewed or created in the normal course of business, but that were not produced herein.

While plaintiff has complied in providing the name and contact information of the helper, namely, Benedict Dasouza, defendant T-Mobile has failed to comply with producing a witness most knowledgeable to testify with respect to the document searches conducted herein and explain the lack of various documents related to Mr. Ciaglia's and Mr. Gray's testimony.

Notably, with respect to counsel's argument above as it relates to the June 22, 2015 joint letter, defendant T-Mobile did not seek the complete name and contact information for Mr. Dasouza in the aforementioned joint letter, just as plaintiff admittedly did not seek the further FRCP 30(b)(6) deposition in said joint letter. Nevertheless, both were in fact *Ordered* by the

# Rapaport
# Law Firm

Court at the July 10th Conference, which was a previously-scheduled Conference, and not specifically scheduled to address the issues raised solely by the June 22, 2015 joint letter. Indeed, when arguing at the July 10th Conference, against having to produce such a witness, counsel for T-Mobile, Marc Rapaport, explained that there were multiple individuals that performed searches and might be required to testify. However, this Court was *not* persuaded and granted leave for the further FRCP 30(b)(6) deposition at that time.

While T-Mobile's counsel further seeks to rely on the supposed recollections of counsel for the third-party defendants concerning the Conference in re-arguing against the FRCP 30(b)(6) deposition herein, counsel for third-party defendant Innovative, in fact, advised all counsel by email, that contrary to the above statement of T-Mobile's counsel, he "do(es) not recall – *one way or the other* – as to whether the court directed a further deposition of T-Mobile" at the last Conference. (Emphasis added).

Indeed, following the Court's July 10th Order for deposition, as well as plaintiff's August 3rd Notice of Deposition, defendant produced 21 pages of documents on September 8, 2015, related to T-Mobile employee James Gray's earlier testimony. According to T-Mobile's counsel, these documents were "recovered from a back-up that Mr. Gray created". However, the production documents only further illustrate the need to conduct the further 30(b)(6) deposition already *Ordered* by the Court on July 10th. Notably, at his earlier deposition, Mr. Gray testified that no such back-up had even existed when his computer crashed and that none of his documents were stored on any central T-Mobile network, but rather only on his local laptop hard drive. Such testimony was clearly not accurate and moreover flies in the face of common sense business practices for a corporation like T-Mobile.

Critical to the issues before the Court in this breach of contract action is the condition of the subject rooftop and parapet walls at the time of the 2005 installation, the means and methods employed by T-Mobile/Omnipoint and/or their Agents in performing the installation, the correspondence regarding the same, and other relevant information from that time period that speak directly to issues of causation, liability, and damages. Despite the voluminous discovery exchanged by plaintiff and the non-party entities that performed work on plaintiff's behalf[1], T-Mobile has yet to provide adequate responses to plaintiff's demands regarding defendant T-Mobile and its agents' work in 2005 or their subsequent inspections of the site from 2005 through 2012. Furthermore, third-party defendant Skyline has produced *no* documents whatsoever, nor even a Rule 26 Initial Disclosure Statement.

---

[1] Plaintiff has already testified in excess of 13 hours, over the course of 3 days, and has produced more than 3,350 pages of documents, e-mail and correspondence, and photographs in this action. Plaintiff's part-time super, Simeon Robinson, has also testified and produced emails and photographs herein. Additionally, non-party witnesses Ted Yen (plaintiff's 2012 repair project engineer of record) and Tariq Tahir (plaintiff's 2012 repair project general contractor), at the behest of plaintiff's counsel have each made document productions, including emails they still maintained from 2012 to present, and testified for a full day each, with 2nd days scheduled for further testimony from each expected. Moreover, non-party witness George Kulik (plaintiff's 2012 repair project consultant/expert engineer) also produced over 3 GB's of electronic documents many of which are duplicative of plaintiff's, Mr. Yen's and Mr. Tahir's productions, and is expected to be deposed in fact discovery.

# Rapaport
# Law Firm

Indeed, defendant T-Mobile is a multi-national, publicly traded corporation subject to numerous legal, regulatory and practical requirements to retain its official books and records as well as maintain a reasonable process of backup. It is reasonable to conclude that T-Mobile would retain copies of any official T-Mobile business records lost from the personal computers of Gray and/or Ciaglia and it is reasonable for plaintiff to discover whether defendant treated documents herein consistently with its policies and practices in place and whether steps were taken to preserve documents as required by applicable law. As neither Mr. Gray, nor Mr. Ciaglia, were able to answer questions as to T-Mobile's business practices relating to document retention and its computer network, a deposition of a T-Mobile employee(s) familiar with the same is vital to discern the existence of documents relevant to the subject of this litigation and/or the destruction of the same.

**(2) Plaintiff's request to re-open T-Mobile employee, James Gray's Deposition**

As the unexplained and belatedly produced documents from the heretofore never-mentioned "back-up" Mr. Gray personally created, raise more questions than they answer, *plaintiff* now seeks to re-open Mr. Gray's deposition to inquire further as to these *newly discovered* and *belatedy produced* documents and "back-up" drive. As Mr. Gray previously testified that no such back-up had existed when his computer crashed, plaintiff is entitled to discover from where these documents were obtained and what, if any, other documents were similarly "backed up" by Mr. Gray.

Mr. Gray and Ralph Cirillo, referenced above by defendant, each performed inspections on behalf of *defendant* T-Mobile of work performed and allegedly required by plaintiff's contractor to correct the damage caused herein by defendant T-Mobile that is the subject of this action and each were deposed with respect thereto as is clearly relevant in this action. Notably, *no one* involved with the construction of this cell site in 2005 has been produced by defendant to testify herein. As such, a reopening of Mr. Gray's testimony to inquire about the contents of this newly discovered and belatedly produced evidence, the method of recovery of the evidence and the possibility of further document recovery is warranted.

**(3) Plaintiff's Request for a Court Order directing non-party KMB to Comply with Subpoena**

Counsel for non-party KMB Design Group ("KMB"), a consultant that did work for *defendant T-Mobile* in 2012 in reviewing, responding to and commenting upon Mr. Kulik's reports as to causation of the damage herein, has, like U. S. Consulting, ignored *plaintiff's counsel's* repeated attempts to schedule its deposition since June, 2015. Moreover, unlike U. S. Consulting, KMB has *refused* to even provide any *documents* in response to the subpoena previously served upon it by plaintiff on May 28, 2015. Plaintiff had previously sought, to no avail, defendant's counsel assistance in this regard. As such, plaintiff respectfully requests the Court *Order* that KMB appear for its non-party deposition previously noticed by plaintiff to be

# Rapaport
# Law Firm

held at plaintiff's counsel's office on October 28, 2015, and that it provide records responsive to the *subpoena duces tecum* by October 21, 2015.

**T-Mobile's Request for a Court Order Directing Non-Parties to Comply with Subpoenas**

Plaintiff does not have any objections to the orders requested to produce the non-parties for deposition. As the non-parties sought for deposition by defendant are, by definition, not under the control or influence of plaintiff, plaintiff simply advises this Court that since entering this action as counsel of record on April 14, 2015, plaintiff's counsel has made every effort to facilitate non-party witnesses' subpoena productions and schedule their depositions as sought by T-Mobile.

Notably, U.S. Consulting, a sub-contractor hired by non-party Mr. Tahir, has been unwilling to speak with anyone, including *plaintiff's counsel* who tried to assist in securing its appearance for T-Mobile's deposition. Indeed, plaintiff has no relationship, nor privity, with U.S. Consulting or Mr. Septimus, and therefore, any difficulty in securing compliance with these deposition appearances should not be imputed to plaintiff. However, plaintiff notes that plaintiff's counsel previously *appeared* on September 11, 2015, for U.S. Consulting's deposition, noticed by defendant T-Mobile for that day, only to find that T-Mobile's counsel had <u>cancelled</u> the deposition and notified *all counsel* herein <u>except</u> *plaintiff's counsel*, thereby wasting *counsel's time* and *plaintiff's money*. If T-Mobile is going to cancel depositions it would be expected that *all counsel* should be notified in advance.

Indeed, plaintiff submits that T-Mobile counsel's failure to litigate this matter with any civility or courtesy whatsoever is the sole and obvious cause of T-Mobile having been unable to conduct depositions with these independent non-parties. Notably, non-party witnesses Mr. Shurin and Mr. Septimus, are each observant Jews whom Mr. Rapaport subpoenaed for Rosh Hashanah (September 14th) and Sukkot (September 29th), respectively. These non-parties have been subpoenaed to testify about filings Mr. Shurin submitted on behalf of plaintiff to HPD and DHCR for a tax abatement and a major capital improvement ("MCI") rent increase in December 2014 and February 2015, respectively. Documents concerning these filings were subsequently produced by plaintiff herein in June and July, 2015, respectively.

Nevertheless, when plaintiff's counsel notified Mr. Rapaport of Messrs. Shurin and Septimus' religious observances during our calls on September 4th and September 8th, T-Mobile's counsel then still sought to depose Mr. Shurin on Sukkot (September 28th) before later calling Mr. Shurin's office on September 18th and speaking to Mr. Shurin's staff in an aggressive and insensitive manner. Indeed, it was T-Mobile's counsel's aggressive and insensitive approach that led Mr. Shurin to agree to appear for his deposition on October 15, 2015, on the condition that he not be required to appear at *Mr. Rapaport's* office. As such, plaintiff's counsel agreed to make its office available for the deposition, while making clear that it did not represent Mr. Shurin as counsel.

# Rapaport Law Firm

T-Mobile's counsel likewise spoke on or about September 18, 2015, with Mr. Septimus, who is sick and elderly and requires the use of a walker or wheelchair to ambulate, in a similar manner, and as a result, even plaintiff's counsel has been unable to get Mr. Septimus to return its calls since that time as plaintiff's counsel attempts to assist in securing Mr. Septimus' appearance for T-Mobile's deposition of him. That said, defendant's counsel has failed to even provide plaintiff's counsel a *copy* of the subpoena and Notice of Deposition it purportedly served upon Mr. Septimus herein *despite repeated requests for same.*

**T-Mobile's Request for production of plaintiff's hard drives and permit access to its email accounts**

Finally, with respect to defendant's outrageous alternative request for relief to produce and inspect plaintiff's hard drives and gain access to their email accounts, no such request for such inspection of defendant's hard drives or access to its email accounts has been made or can even be implied by the notice of deposition, nor is such relief justified in light of the abundance of discovery provided by *plaintiff* in this contractual dispute with T-Mobile. Moreover, defendant's alternative request for "production and inspection of plaintiff's hard drives and to permit access to its email accounts" is unjustified, overly broad, unduly burdensome and is in no way intended to serve any purpose other than to further harass plaintiff for commencing this action.

Plaintiff Virginia Properties, a family-owned, 4-member LLC, has testified, by its member Robert Spring, *in excess of 13 hours*, with a 4th session scheduled for October 8th, on many topics, including plaintiff's *document retention* and *productions herein*, and produced all relevant – and plenty of irrelevant – documents defendant has sought and plaintiff possesses herein. Notably, no such witness has testified in this regard on behalf of defendant T-Mobile.

Thank you for your consideration of this request.

Respectfully submitted,

pp. Marc A. Rapaport

cc: Michael V. Cibella, Esq., Plaintiff's Counsel (By Email)
William Gallagher, Esq. (By Email)
Kristina Scotto, Esq. (By Email)
Daniel Folchetti, Esq. (By Email)

9